UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FERNANDO CANDELARIO, | ) | 1:09-CV-01093 LJO GSA HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING RESPONDENT'S MOTION |
| v. | ) | TO DISMISS |
| | ) | |
| | ) | [Doc. #15] |
| JAMES HARTLEY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Los Angeles, following his conviction by guilty plea on December 10, 1992, to second degree murder with use of a firearm. See Petition at 1-2. Petitioner was sentenced to serve an indeterminate prison term of fifteen years to life. Id.

With this petition, Petitioner does not challenge the underlying conviction. Rather, he

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's motion to dismiss the petition.

challenges a 2008 decision of the California Board of Parole Hearings denying him parole. Petitioner filed petitions challenging the Board's decision in all levels of the state courts, including a petition for review in the California Supreme Court on January 12, 2009. See Respondent's Motion to Dismiss (hereinafter "Motion"), Exhibit 1. All petitions were denied.

On June 9, 2009, Petitioner filed the instant petition for writ of habeas corpus in this Court. He claims he has been denied his due process rights because the Board of Parole Hearings continues to rely solely on the nature of the crime and immutable factors. He claims the state court denial was an unreasonable application of clearly established Federal law. On September 8, 2009, Respondent filed a motion to dismiss the petition for failure to exhaust. Petitioner filed an opposition on September 23, 2009, and Respondent filed a reply on October 2, 2009.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.  Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the

> state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Respondent contends that the single claim for relief presented in the instant petition is unexhausted, because Petitioner failed to fairly present the federal basis of the claim to the California Supreme Court. Respondent's arguments are persuasive.

First, Petitioner failed to articulate a legal theory based on federal law in his state petition with respect to the claim he presents here. He referenced broad terms such as "due process," "arbitrary policy or practice," and "liberty interest" in his petition; however as noted above, fair presentation of a federal claim requires more than just these broad citations to legal principles. Gray v. Netherland, 518 U.S. 152, 162-63 (1996); Casey v. Moore, 386 F.3d 896, 913 (9th Cir.2004) (Reference to "constitutional error" and "deprivation of a fair trial," bolstered only by state law cases was insufficient to fairly present federal constitutional issues); Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir.2005).

Second, the few references to federal law Petitioner did make were insufficient to alert the state court that he was raising a federal claim. As pointed out by Respondent, Petitioner's citation to the Fourteenth Amendment and the case of McGinnis v. Royster, 410 U.S. 263 (1973) were in support of his equal protection argument. In addition, his allegation that "[t]here is no issue of 'comity' since both State and Federal Due Process and Equal Protection standards are offended" was made in support of his contention that the California Supreme Court had jurisdiction to entertain his petition. His only other reference to federal law came in a concluding paragraph where he stated, "The Board's violations of the Petitioner's Constitutional rights has deprived him of his liberty interest protected under both State and Federal Law." Other than these references, nowhere does Petitioner present and discuss his federal claim. His entire argument in support of his claim is based on state law. His brief references are insufficient to fairly present the federal basis for his claim. See Castillo, 399 F.3d at 1003 (Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory); Martens v. Shannon, 836 F.2d 715, 717 (1st Cir.1988) ("[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some

makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."); United States v. Dunkel, 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs hunting for truffles buried in briefs").

Finally, Petitioner contends his citation to In re Lawrence, 44 Cal.4th 1181 (2008) fulfills the exhaustion requirement, because Lawrence held that California prisoners have a liberty interest in parole. However, in Lawrence the California Supreme Court addressed the standard of review of parole decision basing its opinion solely on California law. Moreover, the Ninth Circuit has held that to satisfy the exhaustion requirement, the petitioner must show that the state courts treated his particular claimed due process violations identically under both the state and federal constitutions. Fields v. Waddington, 401 F.3d 1018, 1022-23 (9th Cir.2005). Here, Petitioner fails to demonstrate that California courts would have treated his claim identically under both constitutions.

For the foregoing reasons, the instant petition is unexhausted and should be dismissed without prejudice. 28 U.S.C. § 2254(b)(1).

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED without prejudice.[2] This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

---

[2] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

1        Within thirty (30) days after being served with a copy of this Findings and Recommendation,
2 any party may file written objections with the Court and serve a copy on all parties.  Such a
3 document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."
4 Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if
5 served by mail) after service of the Objections.  The Finding and Recommendation will then be
6 submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. §
7 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may
8 waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
9 1991).

11        IT IS SO ORDERED.
12        Dated:   **October 15, 2009**                 **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE