UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FERNANDO CANDELARIO, | ) | 1:09-CV-01093 LJO GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR STAY OF PROCEEDINGS |
| v. | ) | |
| | ) | [Doc. #23] |
| JAMES HARTLEY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 16, 2009, the Magistrate Judge issued a Findings and Recommendation which recommended Respondent's motion to dismiss the petition be granted, because Petitioner had failed to exhaust state remedies. On November 24, 2009, the undersigned adopted the Findings and Recommendation in full, dismissed the petition without prejudice, and ordered the case to be closed.

On December 4, 2009, Petitioner filed a motion for stay of the proceedings pending his return to state court to exhaust his state remedies. A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269 (2005). However, a district court faced with a fully unexhausted petition must dismiss that petition. Coleman v. Thompson, 501 U.S.

722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims"); <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir.2001) ("Once Rice moved for dismissal, the district court was 'obliged to dismiss immediately,' as the petition contained no exhausted claims"). The instant petition presents only one claim for relief and it is unexhausted. Therefore, a stay is unavailable.

Accordingly, Petitioner's motion for stay of the proceedings is hereby DENIED.

IT IS SO ORDERED.

**Dated:    December 15, 2009**            /s/ Lawrence J. O'Neill
                              UNITED STATES DISTRICT JUDGE